## THE COLUMBIA.

### THE AJAX.

(Circuit Court of Appeals, Second Circuit.   May 12, 1913.)

Nos. 204, 205.

COLLISION (§ 96*) — STEAMER AND FERRYBOAT COMING OUT OF HER SLIP — FAULT.

A collision between a steamer approaching to land at the end of her pier and a ferryboat coming out of a slip *held* due solely to the fault of the ferryboat in not waiting until the steamer had passed; it being shown that the latter signaled, that she was approaching from the right hand or starboard side of the ferryboat, and was seen by the latter.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 203–205; Dec. Dig. § 96.*]

Appeals from the District Court of the United States for the Eastern District for New York.

Suit in admiralty for collision by the McAllister Steamboat Company, owner of the steamer Ajax, against the ferryboat Columbia, the Brooklyn & Manhattan Ferry Company, claimant with a cross-libel. Decree for libelant, and claimant appeals.   Affirmed.

The following is the oral opinion of Veeder, District Judge:

This is a case where the crews of the respective vessels tell different and inconsistent stories of the circumstances under which the collision took place. So far as numbers are concerned, the parties are quite evenly matched; but most of the witnesses may be taken to be more or less interested in the side for which they testified, and I have, therefore, placed great reliance on the testimony of the only witness who seems to be absolutely disinterested and at the same time to have the intelligence and the nautical experience or familiarity with the water to take in at a glance the situation as it occurred, and that is the testimony of the witness George E. Conley. That testimony, taken in connection with the physical features of the situation, enables me to find without any hesitation that the collision did not take place in the manner and at the place testified to by the witnesses for the Columbia.

If the bow of the Columbia had been from 10 to 15 feet from the end of the pier, the Ajax would have had to run around the corner, as counsel suggested, to strike her.   I cannot see any probability that she went so far to port in coming into that slip.   There is no doubt what she was aiming for.   She was aiming for the end of Pier 24.   If the Columbia had been where it is asserted she was when she was struck, then the Ajax would have had to come into the slip on an angle that would have run her into one of the ferry slips, and I think it is highly improbable that she did so.   I find as a fact that she did not.

On the other hand, the testimony with respect to the signals—signal or signals—given by the Columbia is a matter of considerable difficulty.   I think it improbable that a ferryboat would leave her slip without giving the customary slip signal.   It may be expected, as a matter of routine, that it would be given.   But the fact remains that the deckhand in the pilothouse of the Columbia, and others, saw the smokestack of the Ajax over the lower part of the shed when the Columbia was from half to three-quarters—I do not remember exactly where they placed her—along the length of the pier, and pretty nearly everybody admits hearing the single blast from the Ajax coming up.   Both crews were operating with perfect knowledge of the situation, knowing that this excursion boat was in the habit of coming up there and landing at her pier; and, on the other hand, it was perfectly obvious to the

Ajax, when she saw the stack of the Columbia, that a ferryboat was coming out of that slip.

Now, whether the 'starboard hand' rule applies to this situation or not, it seems to me perfectly clear that the duties of the ferryboat under the circumstances which existed at the time when she saw the stack of the Ajax were substantially the duties prescribed in the starboard hand rule; that is to say, the Ajax was coming up against a strong ebb tide, she was within a short distance of her landing, she was from 30 to 40 feet from the end of the pier, and it was much easier for the ferryboat to maneuver so as to avoid a collision than it was for the Ajax, coming up against a strong ebb tide. Whether the Columbia did everything that her witnesses say she did, as to signals and as to reversing her engines, the fact remains that she came out of the slip with an impetus sufficient to carry her into collision with the Ajax, and that constitutes the fault which I find on her part. I find no fault on the part of the Ajax.

. In the libel of the McAllister Steamboat Company against the Columbia there will be an interlocutory decree for the libelant, with a reference, if necessary. The libel of the Brooklyn & Manhattan Ferry Company against the steamer Ajax is dismissed.

Foley & Martin, of New York City (F. A. Spencer, Jr., and John F. Foley, both of New York City, of counsel), for appellant.

Hyland & Zabriskie, of New York City (Nelson Zabriskie, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Decree affirmed, with interest and costs, on opinion of Judge Veeder.

---

### THE JAMES A. LAWRENCE.

#### (Circuit Court of Appeals, Second Circuit. May 12, 1913.)

#### No. 212.

COLLISION (§ 74*)—MOVING AND MOORED VESSELS—NEGLIGENT NAVIGATION.
    A finding that a tug was solely in fault for a collision with another tug, which was tied up at a bulkhead, affirmed.

    [Ed. Note.—For other cases, see Collision, Cent. Dig. § 104; Dec. Dig. § 74.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Richard J. Barrett, as owner of the tug Margaret A. Lenox, against the steam tug James A. Lawrence; Peter C. Gallagher, claimant. Decree for libelant, and claimant appeals. Affirmed.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding the Lawrence solely in fault for a collision with libelant's tug Margaret A. Lenox.

Wallace, Butler & Brown, of New York City (James K. Symmers, of New York City, of counsel), for appellant.

Burlingham, Montgomery & Beecher, of New York City (Chauncey I. Clark, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.